# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**RUDOLPH GEORGE STANKO,** )<br>)<br>**Defendant.** ) | 8:05MJ35<br><br>ORDER AND<br>RECOMMENDATION<br>ON PRO SE MOTIONS |

Defendant, Rudolph George Stanko, was charged in a criminal complaint with possessing firearms and ammunition while being a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Defendant appeared before the undersigned pursuant to Fed. R. Crim. P. 5 on March 14, 2005. During the proceeding, defendant was advised of his right to counsel but refused the assistance of the Federal Public Defender and refused to have counsel appointed at this time. Defendant presented the court with the following motions:

1. *Name (Filing #5).* First, defendant apparently contends the complaint should be dismissed or that he should be released because the charging documents name "RUDOLPH GEORGE STANKO" (capital letters) as the defendant. Defendant argues that he is, in fact, "Rudolph George Stanko" (small letters). Defendant is advised that the use of capital letters in court documents is merely a convention of typographical style and does not support the conclusion that RUDOLPH GEORGE STANKO is "a fictitious name or possibly a strawman."

2. *Venue (Filing #8).* Defendant next complains of "WRONG VENUE" in the District of Nebraska because he was born in Wyoming and has a Montana driver's license. Rule 18 of the Federal Rules of Criminal Procedure provides: "Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." In this case, defendant was arrested in Gordon, Nebraska and the complaint alleges that the offense occurred within the District of Nebraska. The District of Nebraska encompasses the entire state. Thus, defendant's objection as to venue is without merit.

    3.    *Jurisdiction (Filing #7).* Defendant contends the federal courts lack jurisdiction to adjudicate the charged offense because the possession of firearms by felons is a matter reserved to the various states, he resides in the "Republic of Nebraska," and 18 U.S.C. § 922(g)(1) does not apply to white collar crime.[1]

The statute under which defendant is charged, 18 U.S.C. § 922(g) provides, in pertinent part:

> It shall be unlawful for any person–
>     (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ...
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

There is no exception for "white collar crime."

Defendant is further advised that the Congress of the United States does, in fact, have the constitutional authority to enact legislation governing activities that substantially affect interstate commerce. *See, e.g., United States v. Lopez*, 514 U.S. 549, 559 (1995); *United States v. Miller*, 74 F.3d 159 (8th Cir. 1996). Section 922(g) is such a statute. In *United States v. Shelton*, 66 F.3d 991, 992 (8th Cir.1995) (per curiam), the Court of Appeals specifically upheld 18 U.S.C. § 922(g), finding that, because the language of the statute contains an interstate-element requirement, the statute ensures through case-by-case inquiry that any firearm in question affected interstate commerce. Thus, for defendant to be convicted of the alleged offense, the government must prove (1) the defendant was previously convicted of a crime punishable by imprisonment exceeding one year, (2) the

---

[1] Apparently, defendant admits he was previously convicted of a felony offense, i.e., a violation of the Federal Meat Inspection Act.

defendant knowingly possessed a firearm, and (3) the firearm must have been in or affected interstate commerce.  *United States v. Sianis*, 275 F.3d 731, 733 (8th Cir. 2002).

The court rejects as frivolous defendant's assertion that the federal courts lacks jurisdiction over him because he is in the "Republic of Nebraska" and not in the District of Nebraska.

4.   *Judge (Filing #6).*  Defendant further demands that all preliminary proceedings in this case be conducted before an Article III Judge.  Defendant is advised that, pursuant to 28 U.S.C. § 636 and NECrimR 57.1, the Magistrate Judges have been appointed by the Article III Judges in this district to conduct, *inter alia*, the following proceedings:

- Accepting criminal complaints and issuing arrest warrants or summonses (Fed. R. Crim. P. 3 and 4; NECrimR 3.1 and 4.1);

- Conducting initial appearance proceedings for defendants, informing them of the charges against them and of their rights, and imposing conditions of release (Fed. R. Crim. P. 5; NECrimR 5.1);

- Conducting preliminary examinations (Fed. R. Crim. P. 5.1 and 18 U.S.C. § 3060);

- Receiving grand jury returns (Fed. R. Crim. P. 6(f); NECrimR 6.4);

- Accepting waivers of indictment (Fed. R. Crim. P. 7(b));

- Receiving executed or cancelling unexecuted arrest warrants (Fed. R. Crim. P. 4(c)(4) and 9(c)(2));

- Conducting arraignment proceedings (Fed. R. Crim. P. 10); (8) Hearing motions and entering orders for examinations to determine mental competency (8 U.S.C. §§ 4241-4248; Fed. R. Crim. P. 12.2(c));

- Hearing and determining discovery motions and motions to sever (Fed. R. Crim. P. 12, 14, 15, and 16; NECrimR 12.3-12.5 and 16.2-16.3);

- Issuing subpoenas, writs of habeas corpus ad testificandum or habeas corpus ad prosequendum, or other orders necessary to obtain the presence of parties, witnesses or evidence needed for court proceedings (Fed. R. Crim. P. 17; NECrimR 17.2);

- Issuing search warrants, including warrants based upon oral or telephonic testimony, and receiving warrant returns (Fed. R. Crim. P. 41; NECrimR 41.1);

- Determining if defendants have knowingly and voluntarily waived counsel, appointing attorneys for defendants who are unable to afford or obtain counsel, and approving attorneys' expense vouchers in appropriate cases (18 U.S.C. § 3006A; Fed. R. Crim. P. 44(a)-(b); NECrimR 44.1 and 44.3);

- Determining issues of release or detention of defendants and material witnesses (18 U.S.C. §§ 3001, 3142, and 3144; Fed. R. Crim. P. 46 (a) and (h); NECrimR 46.1 and 46.3);

- Ordering exoneration or forfeiture of bonds (Fed. R. Crim.P. 46 (f)-(g));

- Directing the payment of basic transportation and subsistence expenses for defendants financially unable to bear the costs of travel to required court appearances (18 U.S.C. § 4285); and

- Setting bail for material witnesses (18 U.S.C. § 3144).

The Magistrate Judges in the District of Nebraska are also given the authority to "issue any preliminary orders and conduct any necessary evidentiary hearing or other proceeding arising in the exercise of the authority conferred" by NECrimR 57.1(c) in conjunction with motions to dismiss or quash an indictment or information; motions to suppress evidence; and certain other "dispositive" matters.

5.   *Legal Resources (Filing #4).* Defendant, who has been detained pending trial, demands, in lieu of appointed counsel, "Access to Tools of the Legal Profession," including access to the law library on a daily basis, access to a telephone that does not block the outgoing collect calls, access to "Nexis Lexis" in order to file a brief on a Motion to Dismiss, stamps to mail legal filings, and access to a copy machine. Defendant is advised that these matters are governed by the institution in which he is being held.

## ORDER AND RECOMMENDATION

For the reasons explained above,

**IT IS ORDERED** that defendant's requests for relief (Filings 4, 5, 6, 7 and 8) are denied.

In the alternative, to the extent any of defendant's requests constitute dispositive matters under 28 U.S.C. § 636,

**IT IS RECOMMENDED** to the district court that the requests (Filings 4, 5, 6, 7 and 8) be denied.

**IT IS FURTHER ORDERED** that the U.S. Marshal's Service shall personally serve a copy of this Order and Recommendation on the defendant, Rudolph George Stanko, at the time of his detention hearing, now scheduled for **March 17, 2005** at 12:00 noon.

**DATED March 15, 2005.**

                                         **BY THE COURT:**

                                         **s/ F.A. Gossett**
                                         **United States Magistrate Judge**