IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RUDOLPH GEORGE STANKO. | ) | 8:05MJ35 |
| | ) | 8:05CR93 |
| | ) | |

MOTION TO SHOW CAUSE
AFFIDAVIT OF ROGER I. ROOTS

This is an affidavit to show cause why the six motions and petitions filed on April 1, 2005 were filed manually rather than electronically.  Under my oath, I, Roger I. Roots, make the following statement:

The Defendant, Rudy Stanko, has retained me to act as co-counsel with himself and his other attorney, David Niche, in this case.  The three of us have loosely agreed to share defense duties, with the Defendant acting as lead counsel.  The Defendant has represented himself in dozens of previous civil and criminal actions in state and federal court, and actually has more litigation experience than I do.  I believe the Defendant has retained Mr. Niche in accordance with the same or a similar agreement.  However, Mr. Stanko has no password for the electronic filing system, and thus his signature and documents are not recognized by the Court clerks when filed electronically.

While this defense arrangement is an unusual one, I believe it complies with the Defendant's rights as well as the Court's demands.  The local rules provide that pro se filers shall file paper originals, but I believe that we can arrange for all future documents to be filed electronically, whether signed by one or all of us.

I myself have never filed a court document electronically, and do not have expertise in electronic filing.  I do not know if my laptop is capable of electronic filing with the software currently on it.  (I fully intend to find out, however, during the course of drafting and transmitting this statement to the Court).

I believe Mr. Niche has experience with electronic filing, but the documents filed on April 1 were drafted by myself and the Defendant on two different laptop computers while I was staying in Nebraska.

I was scheduled to fly out of Omaha International Airport on the morning of April 1, the day the motions and petitions were filed.  On the evening before, March 21, the

1

Defendant and I drove to Mr. Niche's Bellevue office to meet with Mr. Niche and go over the documents.  We had paper copies of the documents but no disks or other media to transmit the documents to another computer.  Upon arrival at Mr. Niche's Bellevue office, the Defendant and I found that Mr. Niche was delayed in his flight from another location and could not meet with us.

The next morning (April 1, 2005) I had to arrive at the airport to catch my flight before 9:45 a.m. The three of us met at Mr. Niche's office at approximately 8:30 a.m. to discuss the motions and petitions, make any last-minute changes, and sign them.  Upon arrival at our meeting, however, we found it was difficult to transmit the documents to Mr. Niche's computer so that they could be sent out electronically.  My laptop had no floppy drive or CD burner while the Defendant's laptop had a CD burner that he was apparently not skilled in using.  I could have downloaded my files onto a so-called thumb drive disk, but my only thumb-drive disk had other files on it that I could not leave behind.  Mr. Niche's computers were not booted up at the time, and Mr. Niche stated he had an appearance scheduled at a sentencing hearing early that same morning.  It would be the only occasion the three of us would have to get together and sign the documents.

It was important that some of the documents be filed on April 1 in order to best comply with certain statutory deadlines (e.g., the deadline imposed under 28 U.S.C. 1867 for challenging the drawing of a grand jury).  We made the decision to attempt to file the documents manually on the way to the airport from Bellevue.  In the event that the documents were refused by the clerk, I intended to leave them with the Defendant to be taken to a Kinko's or other facility so they could be scanned into an electronic format and delivered to Mr. Niche for electronic filing.  The clerk accepted the papers.

It is my fault that the documents were filed manually on the occasion in question, and I assure the Court that all future filings will be filed electronically.  Although I have never attempted to file a court document electronically, I will study how to do so and become competent in it. This document will be filed electronically.  I note, however, that communications with the Clerk's office indicate my login name and password still have not reached me by mail, and that such passwords are apparently necessary for electronic filing.

Sworn and signed,

                                      s/ <u>Roger I Roots, Esq.</u>
                                       Roger I Roots, Esq., R.I. Bar #6752
                                       Attorney for Defendant
                                       597 Broad St. #3
                                       Central Falls, RI 02863
                                       Telephone: (401) 290-8260

CERTIFICATE OF SERVICE

I, Roger Roots, do certify that on April 11, a copy of the foregoing document was transmitted electronically using the CM/ECF system which sends notification of such filing to the attorney for the government appearing in this case.

        Signed:   <u>Roger I Roots, Esq.</u>
                Roger I. Roots, RI Bar #6752
                Attorney for Defendant
                597 Broad St. #3
                Central Falls, RI 02863
                (401) 290-8260
                rroots@unlv.nevada.edu