IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | 8:05CR93 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| RUDOLPH GEORGE STANKO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the court are defendant's multiple motions, Filing Nos. 4, 6, 7, 8, 10, 21, 22, 23, 33, 35, 37, 39, 40 and 41. The court has reviewed each of these motions and finds as set forth herein.

Motion for access to tools of the legal profession, Filing No. 4

Defendant first asks this court to provide him with access to the tools of the legal profession. Defendant contends that he is only allowed access to the library on a weekly basis, that his phone use is not equal to his adversaries, and that he is not permitted use of a cell phone. However, defendant has made no allegation that a legal claim has been impeded. There is no freestanding right to a law library at any time a prisoner wants to use it. *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996). Defendant clearly has access to the law library. He just does not have access as often as he would like. I find his claims to be without merit and deny Filing No. 4.

Motion for release and that his case be heard by an Article III judge, Flng No. 6, and appeal of the magistrate order, Filing No. 39

Defendant contends that he is entitled to have an Article III judge hear his motions and his case. With regard to the currently pending motions, all of the motions have been

referred to the undersigned judge. Filing No. 6. Consequently, defendant's request shall be denied. However, the court makes no decision at this time as to whether future motions will remain with the district court or be referred in accordance with the Nebraska General and the Nebraska Criminal Local Rules. With regard from the request for release on his own recognizance, Filing No. 6, the motion is denied as moot as the defendant is currently on pretrial release.

Motion to dismiss magistrate case, Filing No. 7

Defendant argues that this court has no jurisdiction over white-collar crimes, particularly since it has been twenty years since he was charged with a violation of the Federal Meat Inspection Act and since he is in the Republic of Nebraska, not the District of Nebraska. In the case before me, defendant has been charged with violation of 18 U.S.C. § 922(g)(1) which clearly gives this court jurisdiction. Consequently, I shall deny defendant's motion with regard to lack of jurisdiction.

Motion to change venue, Fling No. 8

Defendant moves to change the venue of this case on the basis that he was arrested in Western Nebraska and is entitled to be tried there. His argument is without merit, as Fed. R. Crim. P. 18 permits venue in the District of Nebraska. Consequently, this motion shall likewise be denied.

Report and Recommendation, Filing No. 10

Defendant did not file an objection to the report and recommendation of the magistrate, Filing No. 9. Pursuant to NECrimR 57.3 and 28 U.S.C. § 636(b)(1)(c), the court has conducted a de novo review of the record and adopts the report and recommendation in its entirety. Further, the court incorporates the findings set forth in this memorandum

and order as they apply to Filing Nos. 4, 5, 6, 7, and 8. Consequently, the report and recommendation of the magistrate, Filing No. 10, is adopted in its entirety.

Motion for access to grand jury materials, Filing No. 21

Defendant requests access to grand jury materials dealing with (1) the composition and impanelment of the grand jury that indicted him, (2) the evidence regarding his status as a "convicted felon," and (3) the representations made to the grand jury about defendant's conviction for bank fraud. The grand jury proceedings are confidential. *See Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 219 (1979). Further, a defendant must show a particularized need before the court will disclose this information. *United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994). Defendant has not made a showing of a particularized need to obtain these grand jury materials. In addition, these issues and affirmative defenses are more appropriately raised at the time of trial or, if convicted, at the time of sentencing. What the defendant really intends to do is to challenge the sufficiency of the government's case at trial. Consequently, defendant's motion for grand jury materials is denied.

Motion to dismiss criminal case and for declaratory judgment, Fling No. 22

Defendant moves to dismiss and for declaratory judgment. He again raises the issue that he is not a convicted felon, as his previous conviction does not qualify as a felony. Defendant alleges that he received a conviction under the Federal Meat Inspection Act for conspiracy in violation of 18 U.S.C. § 371. 18 U.S.C. § 921(a)(20) provides an exception to § 922(g)(1) for antitrust violations and unfair trade practices convictions related to the regulation of business or to business practices. The government contends that the previous felony conviction against defendant was for fraud offenses and thus §

3

921(a)(20) is inapplicable. Neither party has offered the court any evidence in this regard. Consequently, the court will deny defendant's motion to dismiss. However, defendant is free to again raise this issue at trial, if he feels the government has failed to meet its burden of proof on this claim.

Motion for entry of plea in abatement, Fling No. 23

Defendant argues that he is entitled to a plea of abatement. He also acknowledges that the Federal Rules of Criminal Procedure have done away with the plea of abatement. It appears that the gist of defendant's argument is that he believes the rules should not limit him to pleas of guilty, not guilty and nolo contendre. Fed. R. Crim. P. 11 and 12. There is no longer a plea of abatement. The court has reviewed defendant's motion in this regard, and finds that all issues have been raised in other motions and decided by the court herein, e.g., defendant's motion to dismiss. Consequently, I shall deny defendant's motion for abatement.

Motion to proceed in propria, Fling No. 33

Defendant requests that this court allow him to represent himself in this case. The court notes that this issue was raised by the defendant before the magistrate. The magistrate advised defendant of his right to appointed counsel. Defendant declined to accept any representation. Filing No. 10. It is defendant's right to do so. *Faretta v. California*, 422 U.S. 806, 818-19 (1975). However, the court shall require that current counsel, David L. Nich and Roger Roots, remain in this case as counsel, to provide defendant with advisory assistance during trial, if requested by the defendant or by the court. Further, the court will accept pleadings from either defendant or from his advisory counsel, but not both. Defendant shall decide whether he wishes to file his own pleadings

or whether he shall have his pleadings filed by appointed counsel. Defendant shall file a notice within twenty days of the date of this Memorandum and Order advising the court who shall file pleadings on his behalf.

Motion to gain access to the court, Filing No. 35

Defendant again asks for an Article III judge to be assigned to all of his motions. This issue has been previously addressed in this Memorandum and Order. All pending motions have been assigned to this court, and thus defendant's motion is denied as moot.

Motion to correct pleading numbers 4, 6, 7, and 8, Fling No. 37

Defendant moves the court to correct the pleading names on these documents, as defendant did not identify these pleadings as "motions." However, the court has ruled on the merits of these filings and consequently denies this motion as moot.

Motion to change venue, Filing No. 40

Defendant asks this court to change the venue of the case to a more hospitable location, namely, Sheridan County, Nebraska, where the crime occurred; Chadron, Nebraska; or North Platte. He offers no substantiation for this request. Defendant also requests that the jury mirror the social and cultural values of Sheridan County and the jury must not exclude persons previously convicted of crimes other than for cause shown. The court has examined this case and finds that venue is most appropriate in Omaha. The court further determines that the jury and juror pool will be selected as is appropriate pursuant to the Nebraska Local Rules and the United States Constitution. Accordingly, defendant's motion is denied.

Motion to redraft jury questionnaires, Filing No. 41

Defendant requests that the juror questionnaires be redrafted to exclude questions regarding potential jurors' criminal histories. Defendant offers no reason for his request. The court shall deny defendant's motion; however, the court shall permit defendant to submit a list of questions to be asked of jurors for voir dire at trial. Such questions must be relevant and material to the issues in this case.

THEREFORE, IT IS ORDERED:

1. Defendant's motions, Filing Nos. 4, 6, 7, 8, 21, 22, 23, 35, 37, 40 and 41 are denied.

2. Defendant's motion to represent himself, Filing No. 33, is granted.

3. The magistrate's report and recommendation, Filing No. 10, is adopted in its entirety.

4. The appeal from the magistrate's order, Filing No. 39, is denied.

5. Defendant shall file a notice within twenty days of the date of this Memorandum and Order advising the court who shall file pleadings on his behalf.

DATED this 4th day of May, 2005.

BY THE COURT:

s/ Joseph F. Bataillon  
JOSEPH F. BATAILLON  
UNITED STATES DISTRICT JUDGE