IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,             )<br>                                                              )<br>                   Plaintiff,           )<br>                                                              )<br>           v.                                       )<br>                                                              )<br>RUDOLPH GEORGE STANKO,       )<br>                                                              )<br>                   Defendant.        )<br>_____ ) | 8:05CR93<br><br>MEMORANDUM AND ORDER |

Before the court are multiple motions filed by the defendant: petition for a bill of particulars, Filing Nos. 78 and 79; motion to change venue and for a hearing, Filing Nos. 66 and 87; motion to reassert challenge to indictment and for a hearing, Filing Nos. 83 and 84; motion to obtain grand jury transcripts, Filing No. 89; and motion to dismiss, Filing No. 93; and the government's motions: motion for a special setting, Filing No. 72; motion to deny declaratory judgment, Filing No. 98; motion to deny change of venue, Filing No. 99; motion to deny motion for bill of particulars, Filing No. 100; and motion to deny grand jury transcripts, Filing No. 101. Defendant is charged in a superseding indictment with being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1) who previously was convicted of a felony, conspiring to violate the Federal Meat Inspection Act. Filing No. 58. The court has carefully reviewed the motions, briefs in support and in opposition, the evidence, the record, and the relevant case law.

**Bill of Particulars**

Defendant asks this court to grant him a bill of particulars allowing access to evidentiary materials relating to the superseding indictment. The government has

represented to this court that it has provided the defendant with access to all evidence in its possession through its open door policy. The court has broad discretion in determining whether to grant or deny a bill of particulars. *United States v. Stephenson*, 924 F.2d 753, 762 (8th Cir. 1991). Information regarding the charges in the superseding indictment has been supplied to the defendant and the charges are clear. The court finds the government has provided extensive discovery materials. Accordingly, the court finds that the motion for a bill of particulars, Filing Nos. 78 and 79, is denied, and the motion to deny the bill of particulars, Filing No. 100, is granted.

**Venue**

Defendant moves this court to change venue from Omaha to western Nebraska. He argues that he is entitled to a jury of his peers pursuant to the United States Constitution. He argues that he lives in western Nebraska where his peers consist of members of his racial and ethnic background. He contends that Nebraska is composed of twelve judicial districts and he cannot be tried in the Omaha district. Defendant is incorrect in this regard. There exists only one district in federal court in Nebraska, and that district is the entire state of Nebraska. 28 U.S.C. § 107. There are several venues for trying the case, but there is only one district.

As to which venue within the district of Nebraska is more appropriate, defendant contends that it should be in western Nebraska, and in particular the County Courthouse of Dawes County. Defendant argues that it costs him more to come to Omaha for his case. A case must be prosecuted in the district where it occurs and where the court convenes. 18 U.S.C. § 3232; 28 U.S.C. § 1861; Fed. R. Crim. P. 18. When the court determines what venue is most applicable, it must look at such factors as the convenience

of the parties, witnesses, location of counsel, interests of justice, and where the event occurred. Fed. R. Crim. P. 18. There is no law, however, which states that a "jury of his peers" means persons exclusively of his racial and ethnic background. See *United States v. Baker*, 98 F.3d 330 (8th Cir. 1996). The defendant argues that he lives in western Nebraska and a number of his witnesses are from western Nebraska. The government contends that it has witnesses in both western Nebraska and in Omaha. It further argues that a number of ATF agents will be required to travel to western Nebraska if the case is moved and that this will cause great inconvenience to the ATF office. Counsel for the government is likewise in Omaha. The government requests this case be tried in Omaha, or in the alternative, in Lincoln, Nebraska.

The court has carefully reviewed the requests of both parties and has determined that the interests of justice dictate that the trial shall remain in Omaha. Filing No. 66. Likewise, defendant's motion for a hearing, Filing No. 87, will be denied. The government's motion, Filing No. 99, is granted.

**Special Setting**

The government has asked the court to specially set this case to accommodate the witnesses driving to Omaha for the trial. The court has already set this case for January 30, 2006, at 8:30 a.m. Thus, Filing No. 72, is denied as moot.

**Grand Jury Transcripts**

Defendant has filed a motion to obtain grand jury transcripts. It appears that initially the government presented to the grand jury defendant's possession of multiple weapons charges in conjunction with two prior felonies, one for violation of the Federal Meat Inspection Act and one for bank fraud. Thereafter, the government determined that the

bank fraud conviction had been reduced to a misdemeanor. The government then filed a superseding indictment charging defendant with possession of firearms and ammunition while being a convicted felon under the Federal Meat Inspection Act. Filing No. 58. Defendant seeks the grand jury transcripts regarding his convicted felon status and his bank fraud conviction.

Defendant argues that he has an affirmative defense to the charge that he is a convicted felon under 18 U.S.C. § 922(g). He contends that a person convicted of an antitrust, unfair trade practice, or other business regulation offense is not considered a convicted felon for purposes of a felon in possession charge. 18 U.S.C. § 921(a)(20). Defendant was convicted twenty years ago for violation of the Federal Meat Inspection Act.

The court notes that whether the Federal Meat Inspection Act felony applies in this case is a legal argument that will be presented at trial. Nothing in the grand jury transcript will assist the court in determining the merits of this argument. Consequently, defendant's motion for the grand jury transcript, Filing No. 89, is denied, and the government's motion, Filing No. 101, is granted. In addition, because of the court's ruling on this and the venue issue, defendant's motion to reassert all relevant challenges to the indictment are denied as moot. Filing No. 83.

**Motion to Dismiss**

Defendant moves this court to dismiss this case, because district and boundary lines were eliminated in the State of Nebraska. Filing No. 93. Once again, defendant argues that he lives in a rural/European/White/Nordic ancestry district and he would be entitled to a jury of his peers, contrary to a jury makeup in Omaha which could be composed of those from other ethnic and racial backgrounds and who would be urban rather than rural in

nature.  The court has already addressed this issue in analysis of the venue issue and, accordingly, defendant's motion to dismiss is denied.  Filing No. 93.

**Declaratory Judgment**

Defendant has moved for a hearing to determine if his 1985 Federal Meat Inspection Act conviction qualifies as a felony under 18 U.S.C. § 921(a)(20).  The court previously addressed this issue in its May 4, 2005, order where it stated:

> Defendant moves to dismiss and for declaratory judgment.  He again raises the issue that he is not a convicted felon, as his previous conviction does not qualify as a felony.  Defendant alleges that he received a conviction under the Federal Meat Inspection Act for conspiracy in violation of 18 U.S.C. § 371.  18 U.S.C. § 921(a)(20) provides an exception to § 922(g)(1) for antitrust violations and unfair trade practices convictions related to the regulation of business or to business practices.  The government contends that the previous felony conviction against defendant was for fraud offenses and thus § 921(a)(20) is inapplicable.  Neither party has offered the court any evidence in this regard.  Consequently, the court will deny defendant's motion to dismiss. However, defendant is free to again raise this issue at trial, if he feels the government has failed to meet its burden of proof on this claim.

Filing No. 47 at 3-4.  Accordingly, the defendant is free to raise this issue at the trial on the merits in this case.  The defendant's request for declaratory judgment is denied subject to reassertion at trial; the government's motion to deny declaratory relief, Filing No. 98, is granted; and the defendant's motion for a hearing, Filing No. 84, is denied.  Further, the burden is on the government at trial to prove that the defendant has been convicted of a felony pursuant to the 18 U.S.C. § 922(g).[1]

---

[1] The court notes that defendant's defense has been rejected previously by the District Court of Montana.  See Stanko v. United States, 65 F.3d 176 (9th Cir. 1995) (unpublished opinion).

THEREFORE, IT IS ORDERED that:

1. Filing Nos. 66, 72, 78, 79, 83, 84, 87, 89, and 93 are denied as set forth herein; and

2. Filing Nos. 98, 99, 100, and 101 are granted as set forth herein.

DATED this 9th day of December, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
UNITED STATES DISTRICT JUDGE