IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 8:05CR93 |
| v. | ) | ORDER |
| RUDOLPH GEORGE STANKO, | ) | |
| Defendants. | ) | |

The matters before the court are defendant's motion in limine, Filing No. 147; motion for payment of witness fees, Filing No. 148; motion to consolidate, Filing No. 151; and motion to dismiss, Filing No. 152.

**Motion in Limine, Filing No. 147**

Defendant asks this court to exclude the following evidence: (1) photos and evidence suggesting possession or receipt of guns or ammunition outside the state of Nebraska; (2) any evidence related to "church of creator" involving defendant's political or religious views; and (3) any prior criminal cases or bad acts except for the predicate offense in this case. The defendant has not offered any context for any of these three requests. Consequently, the court shall deny the motion in limine with respect to requests (1) and (3); however, the defendant is free to again raise these issues at the time of the trial in the context of the evidence as it is presented to the court. With regard to the evidence related to the "church of the creator," the government shall notify the court and the defendant prior to trial if it intends to introduce such evidence and the relevance of the evidence to this case. Consequently, request (2) of defendant's motion in limine is granted, subject to a later showing of relevancy by the government.

**Motion for Payment of Witness Fees, Filing No. 148**

Defendant asks this court to pay for witnesses to appear at his December 28, 2005, hearing. However, the defendant has not filed an affidavit of poverty in this case, although he was entitled to file one if need be pursuant to Filing No. 90. Consequently, he is not entitled to a payment of witness fees.

**Motion to Consolidate, Filing No. 151**

Defendant moves to consolidate Counts I and II of his indictment, contending that both counts involve a single offense in separate counts. Defendant argues that this could cause the jury to believe he committed multiple crimes and that a jury might render a "compromise" verdict. The superseding indictment, Filing No. 58, contains two counts. Count I charges the defendant with possessing and receiving firearms from May 30, 2004, through March 7, 2005, after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Count II charges that on March 7, 2005, defendant, after previously having been convicted of a felony, possessed and received ammunition in violation of 18 U.S.C. § 922(g)(1). The court finds that one count charges defendant with possession of firearms over a period of time, while the other count charges possession of ammunition on a particular date. The court concludes that defendant's motion to consolidate shall be denied.

**Motion to Dismiss, Filing No. 152**

Defendant has again asked this court to dismiss the petition and to declare defendant's right to bear arms under the Second, Ninth and Tenth Amendments to the United States Constitution, in particular to possess a cowboy tool to protect himself against

grizzlies and wolves. The court has previously denied this motion, Filing No. 145, and will not address it again.

THEREFORE, IT IS ORDERED that defendant's motions, Filing Nos. 148, 151, and 152 are denied. Filing No. 147 is granted in part and denied in part as set forth herein.

Dated this 20th day of December, 2005.

BY THE COURT:

**s/ Joseph F. Bataillon**
United States District Judge