IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 8:05CR93 |
| v. | ) | ORDER |
| RUDOLPH GEORGE STANKO, | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motions Filing Nos. 241, 242, and 243.

**Motion to Dismiss, Filing No. 241**

Defendant moves this court to dismiss Counts I-III of the Superseding Indictment for unlawful method of grand jury and jury selection. This issue has been raised numerous times by the defendant and the same issue is again raised in this motion. Filing Nos. 29, 106, 235; Hearing March 6, 2006; *see also, United States v. Stanko*, 06CR50 (D. Neb.2006), Filing Nos. 18, 21, and 28. The grand jury selection process as approved by the Eighth Circuit Court of Appeals states:

> Grand Juries. When grand juries are required, the clerk shall order the drawing from the master wheel for each place of holding court a pro rata share of the total number of grand jurors needed to be qualified and summoned. Grand juror qualification questionnaires and summonses shall issue to said persons, and upon their appearance before the court, a drawing by lot from their number shall proceed until a total of 23 members are empaneled as provided by law. The names of those not empaneled shall be returned to the respective master wheels and there remain available 7 for subsequent jury drawings in accordance with this Plan. Grand juries shall be empaneled only at Omaha unless otherwise ordered by the court, but they shall be drawn from the entire district.

The United States District Court for the District of Nebraska, Modified Plan for Random Jury Selection, May 5, 2003, as certified by the Eighth Circuit, June 4, 2003.

The reference to "pro rata" refers to those jurors drawn from the master wheels which includes persons from all 93 counties in Nebraska. Although names for all counties are entered into the wheel, the selection is random. The Clerk of Court draws names from each wheel for grand jury selection which includes persons from the entire State of Nebraska. Therefore, there is no violation of 28 U.S.C. § 1861 (juries must be selected at random from district wherein court convenes). Accordingly, the court finds the defendant's motion to be without merit and it is denied.

**Motion to Dismiss, Filing No. 242**

Defendant moves the court to dismiss Counts I-III alleging that the government has violated his right to speedy trial.[1] Under the Speedy Trial Act ("the Act"), a federal criminal defendant must be brought to trial within seventy days of the filing of his indictment or his arraignment, whichever is later. 18 U.S.C. § 3161(c)(1); *United States v. Yerkes*, 345 F.3d 558, 561 (8th Cir. 2003). The Act was enacted in part out of dissatisfaction with Sixth Amendment speedy trial jurisprudence, and to put more life into a defendant's speedy trial rights. *United States v. Nance*, 666 F.2d 353, 360 (9th Cir.1982). The government bears part of the responsibility for insuring the effectuation of a defendant's right to a speedy trial. *See United States v. Wright*, 6 F.3d 811, 815 (D.C. Cir. 1993). The only evidentiary burden placed on a defendant involves the issue of whether dismissal should occur at all. *United States v. Kramer,* 827 F.2d 1174, 1175 (8th Cir. 1987). He must show only that his right

---

[1] All requests via the affidavits of Mr. Roger Root and the defendant for trial expenses associated with continuation of trial are denied at this time.

to a speedy trial has been violated. *United States v. Cordova*, 157 F.3d 587, 599 (8th Cir. 1998). The burden is on the government to show that certain exclusions apply. *See* 18 U.S.C. § 3162(a)(2). Once a defendant makes an initial showing that more than seventy days have passed, the government has the burden of proving excludable time by a preponderance of the evidence. *See United States v. Jenkins*, 92 F.3d 430, 438 (6th Cir. 1996).

Certain days are excluded from the seventy-day calculation. *Id.;* 18 U.S.C. § 3161(d) and (h). If, after these days are excluded, if the total number of days exceeds seventy, then upon a defendant's motion, the district court must dismiss the indictment. *Id.* (emphasis added); 18 U.S.C. § 3162(a)(2). Although the Act mandates a dismissal of the indictment, the trial court retains discretion as to whether the dismissal should be with or without prejudice. *United States v. Dezeler*, 81 F.3d 86, 88 (8th Cir. 1996).

Time excluded form the seventy-day calculation includes the period beginning when any party files a motion until when a hearing is held on the motion. *See id.*, § 3161(h)(1)(F): *United States v. Long*, 900 F.2d 1270, 1274 (8th Cir. 1990). Under that section of the Act, when a pretrial motion requires a hearing, the excludable period runs from the filing of the motion to the date of the hearing, or until the date when the parties have submitted any additional materials requested by the court. *Henderson v. United States*, 476 U.S. 321, 328-31 (1986). Following this period excluded under section 3161(h)(1)(F), the Act allows exclusion of up to thirty more days for the court to consider the motions. 18 U.S.C. § 3161(h)(1)(J); *see also Henderson,* 476 U.S. at 328-31. Under 18 U.S.C. § 3161(h)(8), the court may exclude time from the Act's count resulting from a continuance upon its own motion or that of the parties. *Id*

3

The court has reviewed the docket sheet and determined that defendant has filed in excess of seventy-five motions. The court has examined these motions and the appropriate time excluded from the speedy trial calculation. The court concludes that the speedy trial time has not run in this case. More importantly, the court finds that defendant has waived speedy trial in this case. On or about January 24, 2006, the court held a hearing in this case. During that hearing, defendant waived speedy trial. Filing Nos. 211, 215. Accordingly, on either basis the defendant's motion is denied.

### Filing No. 243, Motion for Release

Defendant requests that he be released on bail. The court finds that defendant violated his conditions for pretrial release, Filing No. 230, and that there exists no justification for now releasing defendant pending trial. Accordingly, this motion will be denied.

THEREFORE, IT IS ORDERED that Filing Nos. 241, 242, and 243 are denied.

Dated this 10th day of April, 2006.

BY THE COURT:

**s/ Joseph F. Bataillon**
United States District Judge