IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:05CR93 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND ORDER |
| ) | |
| RUDOLPH GEORGE STANKO, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court following a hearing on April 10, 2006, pursuant to a request by the defendant to submit evidence. The court held the hearing to address the defendant's contention that his underlying conviction does not constitute a felony which would prohibit him from carrying a firearm. During the hearing, counsel for the defendant made an oral motion pursuant to Fed. R. Crim. P. 12 to dismiss Counts I and II of the current indictment.[1]

The defendant argues that his conviction under the Federal Meat Inspection Act (FMIA), 21 U.S.C. § 601 *et seq.*, is not one that prohibits him from carrying a firearm under 18 U.S.C. § 922(g)(1).[2] Defendant again argues that the business exception should apply, which states:

> The term "crime punishable by imprisonment for a term exceeding one year" does not include–
>
> (A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, **or other similar offenses** relating to the

---

[1] The court has previously ruled on this issue concerning the underlying conviction a number of times, Filing Nos. 29, 47, 106, and 186, but allowed the defendant to reassert the argument and offer evidence because he has retained newly appointed counsel.

[2] Defendant made this same argument in the United States District Court for the District of Montana with no success. *Stanko v. United States*, No. CV-94-56-BLG-JDS (Dist. Mont. March 20, 1965). On appeal, the Ninth Circuit dismissed the case for lack of ripeness. *Stanko v. United States*, 1995 WL 499524 (9th Cir. 1995).

> regulation of business practices, or
>
> . . . .

18 U.S.C. § 921(a)(20) (emphasis added).

The court has reviewed a copy of defendant's conviction and notes the conviction has been upheld on appeal. *United States v. Cattle King Packing Co., Inc.*, 793 F.2d 232 (10th Cir. 1986). The jury convicted Mr. Stanko pursuant to the Federal Meat Inspection Act for multiple violations of 18 U.S.C. § 371, 21 U.S.C. §§ 601-624 and §§ 661-680, which included a conspiracy count and counts for having more than 15,000 pounds of meat inspected with the intent to defraud, misbranding meat with an intent to defraud, preparing adulterated meat with intent to defraud, and misbranding meat with the intent to defraud. The Tenth Circuit noted that the evidence supported a finding by the jury that "Stanko set in motion the very acts which were carried out, pursuant to direction" and that the jury was instructed on defendant's requisite "intent to defraud." *Cattle King*, 793 F.2d at 241.

For the reasons set forth herein, the court affirms its previous order in this case wherein it stated:

> The court has reviewed this exception to the felony conviction rule and preliminary rules that the felony exists for unfair trade and antitrust convictions. The court finds the exception set forth in 18 U.S.C. § 921(a)(20) does not apply to defendant's previous conviction. Congress intended to exclude "offenses relating to antitrust violations and similar business offenses." Conference Rep. No. 1956, 9th Cong. 2d Sess. 29 reprinted in 1968 U.S. Code Cong. & Ad. News 4410, 4426, 4428. Defendant's previous conviction was based on the fraudulent distribution of adulterated meat products, the fraudulent misbranding of meat shipments, and circumvention of meat inspection laws.

Filing No. 186 at 11. Defendant argues that this court should give the exceptions set forth in 18 U.S.C. § 921(a)(20)(A) and the language "regulation of business practices" a broad

reading.  The Eighth Circuit has not yet addressed this issue.  It is true that the FMIA regulates certain business practices as suggested by the defendant.  21 U.S.C. § 602 *et seq.*  Section 921(a)(20)(A) excepts certain business offenses from the prohibition of the firearm statutes.  The court finds that defendant's past criminal conduct is not encompassed under this exception.

First, the jury found defendant guilty of violations of the FMIA, 18 U.S.C. § 371, in Count I, and in violation of 21 U.S.C. §§ 605 and 610 in Counts III, IV, VI, IX, XII and XIII. All of these counts included allegations that defendant acted with the intent to defraud. The exception set forth in § 921(a)(20)(A) is directed towards illegal restraints of trade, monopolies, and anti-competitive forces in the marketplace.  *See United States v. Meldish*, 722 F.2d 26, 27-28 (2nd Cir. 1983).  In defendant's case, his Colorado conviction was for intent to defraud and for preparing adulterated meat in conjunction with school lunch programs.  The district court in Montana likewise found that the offenses alleged against the defendant were fraud-related, unlike the antitrust and business offenses set forth in 18 U.S.C. § 921(a)(20)(A).  *Stanko,* No. CV-94-56-BLG-JDS, at 4.

Second, words in a statute must be construed in their ordinary and common meanings absent congressional directives to the contrary*.  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 388 (1993).  This court looks to the literal language of the exception.  When reviewing the language in § 921(a)(20)(A), the court concludes that in order for the exception to apply, a "similar offense" must be similar in nature to antitrust, or restraint of trade, or unfair trade practices.   If it meets that test, <u>then</u> it must also relate to regulation of business practices.  Defendant is incorrect when he argues that all business practices are excepted from the act.  His substantive crime

3

must first relate to one of the three areas listed in the statute.  That is the plain meaning of the language "similar offense."  While the conviction in this case could relate to a business practice, it is not "similar" to any of the three categories of crimes listed in the § 921(a)(20)(A) exception.  Accordingly, the court finds it is not a similar offense.

In that regard, the Fifth Circuit has affirmed a district court ruling[3] finding a mail fraud charge, which had the effect of destroying a competitive bidding process and injuring competitors, to not be an offense relating to the regulation of business practices, since the substantive charges "in no way depend on whether they have an effect upon competition." *Dreher v. United States,* 115 F.3d 330, 334-35 (5th Cir. 1997).  *See also Meldish*, 722 F.2d at 27 (offense of falsifying customs declaration page for a $9,000 watch did not pertain to unfair trade practice under § 921(a)(20)).  In *Meldish* the Second Circuit stated:

> Although it is almost impossible to formulate an all-inclusive definition of "unfair trade practice," *see FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233, 240, 92 S. Ct. 898, 903, 31 L. Ed.2d 170 (1972), implicit in the term itself is the requirement that the practice adversely affect either competitors or consumers, *see id.* at 241-44, 92 S. Ct. at 903-05.  Among the practices which may cause such an adverse effect are the suppression of competition, *Shakespeare Co. v. FTC*, 50 F.2d 758, 759-60 (6th Cir. 1931), price discrimination, *Oliver Bros., Inc. v. FTC*, 102 F.2d 763, 767 (4th Cir. 1939), deceptive advertising or labeling, *Armstrong Paint & Varnish Works v. Nu-Enamel Corp.*, 305 U.S. 315, 335-36, 59 S. Ct. 191, 201, 83 L. Ed. 195 (1938), and the exploitations of child purchasers, *FTC v. R.F. Keppel & Bro., Inc.*, 291 U.S. 304, 313, 54 S. Ct. 423, 426, 78 L. Ed. 814 (1934).

*Id.* at 27-28.  The court concluded: "A violation of section 542 in no way depends upon whether it has an effect on competition or consumers."  *Id.* at 28. *Cf. United States v. McLemore*, 792 F. Supp. 96, 97 (S.D. Ala. 1992) (conviction for rolling back odometer held to be a business offense under 18 U.S.C. § 922(g) because of its effect on competition and

---

[3]*Dreher v. United States*, 943 F. Supp. 680 (W. D. La. 1996).

4

consumers, but court noted that government chose to prosecute case under trade practice statute instead of a mail or wire fraud case); *but see United States v. Kruckel*, 1993 WL 765648 (D.N.J. 1993) (unpublished opinion) (tax offenses are not similar offenses under § 921(a)(20)(A)). The same analysis used in *Meldish* and *Dreher* applies in this case. Defendant's conviction under the FMIA in no way depends on its financial effect on the consumer or on competition. The defendant reads this exception too broadly. Although in some respects the allegations against the defendant in the Colorado case could be considered unfair trade practices, the gravamen of these charges are issues of food safety and fraud, not unfair trade practices. The court agrees with the analysis in the *Meldish* and *Dreher* opinions and concludes that defendant's conviction does not rely on whether his crime affected the consumer or competition.

Accordingly, the court finds the underlying felony conviction in this case does not fit within the language of the exception set forth in § 921(a)(20). The conviction is not a "similar offense" as set forth in the statutory exception; the defendant's conviction does nto depend on its effect on competition or the consumer; and the jury returned a verdict on all counts that included a finding of intent to defraud.

THEREFORE, IT IS ORDERED that defendant's oral motion to dismiss pursuant to Fed. R. Crim. P. 12, and defendant's request that the court reconsider its decision are denied.

Dated this 12th day of April, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge