IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:05CR93 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| RUDOLPH GEORGE STANKO, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of the defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Filing No. 335. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of the defendant's § 2255 motion. Rule 4(b) provides:

> Initial Consideration by the Judge. The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The record indicates that a jury returned a verdict of guilty against the defendant on Counts I and II of a Second Superseding Indictment charging the defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See* Filing No. 271, Jury Verdict. The court sentenced the defendant to the custody of the Bureau of Prisons for 72 months on both Count I and Count II, to run concurrently, followed by 3 years supervised release. *See* Filing No. 300, Judgment in Criminal Case. The Court of Appeals affirmed the defendant's conviction and sentence in *United States v. Stanko,* 491 F.3d 408 (8th Cir. 2007).

In his § 2255 motion, the defendant alleges in part one that (1) the indictment was fatally defective, (2) the court erred in failing to give jury instructions for a justified defense, (3) the defendant has a constitutional right to guns and ammunition, (4) the Gun Control Act is a Bill of Attainder, and (5) the court denied him his right to counsel. In part two the defendant alleges, in multiple parts, that he was tried in an improper venue and that the grand jury indictment is invalid because of the composition of the members of the grand jury. In the third part, the defendant attacks his conviction and sentence on twenty separate grounds.

It does not plainly appear from the motion and the record of prior proceedings that the defendant is not entitled to relief. Therefore, I will order the United States to respond by answer to the defendant's claims. In addition to any other matters discussed in the answer, the United States shall address whether any of the defendant's § 2255 claims are barred, for example, by waiver and/or untimeliness.

THEREFORE, IT IS ORDERED:

1. That upon initial review, the court finds that summary dismissal of the defendant's § 2255 motion is not required;

2. That by September 29, 2008, the United States shall file an answer to the defendant's § 2255 motion, supported by a brief; and

3. That by November 3, 2008, the defendant may file a reply brief.

DATED this 28th day of July, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge