IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                              )<br>            Plaintiff,          )<br>                              )<br>        v.                    )<br>                              )<br>RUDOLPH GEORGE STANKO,        )<br>                              )<br>            Defendant.         )<br>_____) | 8:05CR93<br><br>MEMORANDUM AND ORDER |

This matter is before the court on defendant's motion for reconsideration of its order, Filing No. 390, denying his motion to reduce his sentence by reason of an amendment to the United States Sentencing Guidelines ("Guidelines"), Filing No. 393. In its earlier order, the court found that application of the amendment, if retroactive, would only reduce Stanko's criminal history calculation by one point and would not affect either his Guidelines criminal history category or his resulting Guidelines sentence. Filing No. 390, Mem. & Order at 1. After a trial, the defendant, Rudolph Stanko ("Stanko"), was convicted of two counts of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Filing No. 271, Verdict. The statutory maximum sentence of imprisonment for the crime is ten years. 18 U.S.C. § 924(a)(2).

In the presentence investigation report ("PSR"), the United States Probation Office ("Probation"), assessed 11 criminal history points to Stanko, resulting in a criminal history category of V and a Guidelines sentencing range of 63 to 78 months. Filing No. 297, PSR at 23. Three criminal history points were assessed for Stanko's 1984 conviction for violation of the Meat Inspection Act. *Id.* at 16. One point was assessed for a conviction for obstructing a peace officer, driving without a license, and driving without registration. *Id.* at 17. Two points were assessed for a conviction of acting as an agent for a livestock

dealer without a license and unlawful removal of livestock without inspection. *Id.* Two points were assessed for a reckless driving conviction and one point was assessed for a disorderly conduct /criminal mischief conviction. *Id.* at 18. In addition, two points were assessed because the crime was committed within two years of release from imprisonment on another crime.

On August 3, 2006, Stanko was sentenced to a term of 72 months (6 years). Filing No. 300, Judgment. At the sentencing hearing, the court stated:

> I do like to look back and see what the prior criminal record is and then see whether the defendant has learned his lesson or not, and if the defendant has not, then give him at least that sentence or more the second time around.
>
> In Mr. Stanko's case he was convicted in 1984 and sentenced to six years in prison, that was under the old sentencing regime, and he was paroled in '89. I don't know how much of his whole time he actually did. I suspect that it's less than what he's going to do this time.
>
> It seems to me that given the amount of ammunition that was found, and the amount of problems that Mr. Stanko has created from a law enforcement standpoint throughout the course of this case that's evidenced in the record, the complete record, that a sentence at the low end of the guideline range is not appropriate, and a sentence toward the higher end of the guideline is range is appropriate.
>
> But the court will limit its high end to the same sentence that he received in 1984, and I'm going to sentence him to 72 months incarceration on both counts to run concurrently.

Filing No. 314, Trial Transcript, Vol. V (Sentencing) ("Sent. Tr.") at 854-55. Stanko's conviction was affirmed on appeal. Filing No. 323.

On June 24, 2004, the United States Supreme Court found that the State of Washington's mandatory sentencing guidelines were unconstitutional. *Blakely v. Washington,* 542 U.S. 296 (2004). The Supreme Court later extended the rationale of

*Blakely* to the federal sentencing guidelines, but found that the constitutional infirmity could be cured by rendering the guidelines advisory. *See United States v. Booker,* 543 U.S. 220, 233-34, 259 (2005). The Supreme Court then clarified the extent of a district court's discretion after *Booker* in *Kimbrough v. United States,* 552 U.S. —, —, 128 S. Ct. 558, 575 (2007), and *Gall v. United States,* 552 U.S. —, —, 128 S. Ct. 586 (2007). *See Kimbrough,* 552 U.S. at —, 128 S. Ct. 575, 595. Stanko was sentenced after *Blakely* and *Booker* had been decided and was sentenced under advisory guidelines. *See* Sent. Tr. at 781-82.

The Guidelines were amended in 2007 to change the criminal history computation with respect to certain misdemeanors and petty offenses. United States Sentencing Commission, Guidelines Manual, App. C, Supp., amend. 709. The amendment provides that fish and game violations should never be counted, that a point should be assessed only for a prior sentence of probation of <u>more</u> <u>than</u> a year or imprisonment of thirty days, and that the court should apply a common-sense approach in determining whether a non-listed offense is "similar to" a listed offense. *Id.* at 240. Defendant argues that application of the amendment in his case would result in the deletion of four criminal history points for misdemeanor convictions, which would place him in a lower criminal history category.[1] He

---

[1] In connection with this argument, Stanko points to differences in the criminal history computations in this case and in another case against Stanko for presenting a false Social Security number. *Compare* Filing No. 297, PSR at 16-20 *with United States v. Stanko*, Case No. 8:05-cr-50 ("Stanko II"), Filing No. 219, PSR at 8-12 (D. Neb.). In the other case, Stanko was assessed one point instead of two for a conviction for acting as a livestock dealer without a license and unlawful removal of livestock without a license. *Stanko II*, Filing No. 219, PSR at 10. The PSR noted however, that the sentence on that conviction was later revised to 60 days of house arrest. *Id.* The issued was addressed and resolved at the sentencing hearing in *Stanko II*. *See Stanko II*, Filing No. 328, Trial Transcript, Vol. IV (Sentencing) ("Sent. Tr.") at 504-512. The defendant did not object to the criminal history calculation on those grounds in this case. *See* Filing No. 314, Sent. Tr. at 811, 813-14. Stanko was also assessed two points for "recency" in this case that were not assessed in the other case. *See* Filing No. 297, PSR at 19. That can be explained by the different dates of the commission of the offenses. *See* Filing No. 314, Sent. Tr. at 808 (noting offense date of May 30, 2004); *Stanko II*, Filing No. 1, Indictment (noting offense date of June 17, 2004).

further argues that his sentence should be reduced in consideration of the factors set out in 18 U.S.C. § 3553(a).

The court finds Stanko's arguments lack merit. First, it is doubtful that Amendment 709 can be given retroactive effect in these circumstances. *Compare United States v. Peters*, 524 F.3d 905, 907 (8th Cir. 2008) (holding that Amendment 709 is not a covered amendment under § 1B1.10 to which retroactive treatment may be given) *with United States v. Leon-Alvarez*, 532 f.3d 815, 821 (8th Cir. 2008) (Bright, J., concurring) (stating that Amendment 709 appears to be a clarifying amendment and with respect to § 4A1.2(c) and not a substantive change in the guideline, and as such may be given retroactive effect at sentencing). Even if the amendment were retroactively applied, the court would find that the amendments are not applicable to the convictions counted in the calculation of Stanko's criminal history category.

The court does not agree with the defendant's contention that the defendant's reckless driving conviction is akin to a speeding ticket. The record shows that the offense involved speeding at 120 miles per hour over a hill. Filing No. 394, Index of Evid., Exs. 4 & 5. Further, the court finds that the defendant's conviction for acting as an agent for a livestock dealer without a license and unlawful removal of livestock without inspection cannot be characterized as the same sort of violation as a fish and game offense. The livestock offenses involve conduct close to the acts underlying Stanko's underlying conviction for violations of the Federal Meat Inspection Act. *See* Filing No. 320, Eighth Circuit Court of Appeals Opinion at 1 (describing conduct as "fraudulent distribution of adulterated meat" and "intentional circumvention of federal law requiring an inspection by a federal meat inspector and fraudulent misbranding of meat shipments").

The defendant also urges the court to consider the 18 U.S.C. § 3553 factors and exercise its discretion to reduce Stanko's sentence. This court is familiar with the factors to be considered under section 3553(a), and the court considered those factors in sentencing the defendant. The Sentencing Reform Act "contains an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing, which are: 'to reflect the seriousness of the offense,' 'to promote respect for the law,' 'to provide just punishment for the offense,' 'to afford adequate deterrence to criminal conduct,' and 'to protect the public from further crimes of the defendant.'" *Kimbrough,* 552 U.S. at —, 128 S. Ct. at 570 *(quoting* 18 U.S.C. § 3553(a)). The statute further provides that "in determining the appropriate sentence, the court should consider a number of factors, including 'the nature and circumstances of the offense,' 'the history and characteristics of the defendant,' 'the sentencing range established' by the Guidelines, 'any pertinent policy statement' issued by the Sentencing Commission pursuant to its statutory authority, and 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'" *Id. (quoting* 18 U.S.C. § 3553(a)). Although the Guidelines remain "the starting point and the initial benchmark" in determining a sentence, the district court "may not presume that the Guidelines range is reasonable," but must "make an individualized assessment based on the facts presented." *Gall,* 552 U.S. at —, 128 S. Ct. at 596-97.

This court considered these factors and imposed a fair and individualized sentence on the defendant. With respect to the nature and circumstances of the crime and the history of the defendant, the court concluded that Stanko's criminal history required that

he receive a longer sentence than he had in the past. Stanko's criminal history reveals a reluctance to accede to lawful authority. The court is troubled by the defendant's flouting of the law and continuing defiance of law enforcement even after conviction of a serious felony offense. The nature and circumstances of the crime, especially the large amount of ammunition Stanko possessed, also dictate imposition of a significant term of imprisonment.

The court took account of the advisory Guidelines and policy statements and used them as the starting point for its analysis. Post-*Booker*, the court is not constrained to follow the dictates of the Guidelines. The court would have exercised its discretion to sentence Stanko to incarceration for 72 months in any event. The court finds a sentence of that length satisfies the goals of sentencing, providing a deterrent to others and protection of the public. If Stanko's criminal history category had been lower, the court would have either granted the government's motion for an upward departure or would have imposed a sentence above the Guidelines range. Accordingly, even if Amendment 709 were applicable, it would make no difference to the defendant's sentence.

THEREFORE, IT IS ORDERED that defendant's motion to reconsider (Filing No. 393) the court's earlier order (Filing No. 390) is denied.

DATED this 18th day of May, 2009.

BY THE COURT:

s/Joseph F. Bataillon
Chief District Judge