IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>                                                          )<br>                    Plaintiff,          )<br>                                                          )<br>        v.                                           )<br>                                                          )<br>RUDOLPH GEORGE STANKO,    )<br>                                                          )<br>                    Defendant.       )<br>_____ ) | 8:05CR93<br><br>MEMORANDUM AND ORDER |

Before the court is defendant's motion for reconsideration and certificate of appealability. Filing No. 398. On June 23, 2009, this court issued a Memorandum and Order in this case. Filing No. 397. Defendant filed this motion asking for reconsideration of the June 23, 2009 Memorandum and Order.

**Motion for Reconsideration**

The defendant by and through his counsel, Michael Scott Stanko, requests that this court reconsider its finding in the June 23, 2009 Memorandum and Order. The defendant argues that he did not receive the grand jury or petit jury roll data and thus has been unable to calculate the statistical degree that the jury selection meets the requirements of the Constitution. Filing No. 398. Defendant now asks this court to:

   1) Grant an additional period for Defendant's counsel to obtain the requested jury and grand jury pooling data, complete with towns and counties of residence for all prospective, summoned, and selected grand and petty jurors

   2) Preferably at no additional cost to the Defendant, who is in forma pauperis and whose counsel is performing pro bono.

Filing No. 398.

In his declaration, Filing No. 398, counsel for defendant, Michael Scott Stanko, attests that (1) he has some difficulty getting to Omaha; (2) flew to Omaha on May 13 to review grand and petit jury information; (3) arrived in Omaha at the United States District Court on May 28 and met with the jury clerk; (4) received a copy of the Modified Plan for Jury Selection and copies of grand and petit jury information; (5) that the documents were too voluminous to review in a couple of days; (6) that counsel was told that he could copy the documents for 50 cents per page; (7) that counsel had not arranged for such a "massive amount" of photocopying costs; (8) that he could not purchase the records; (9) that defendant is in forma pauperis and counsel's work is pro bono; (10) that the records should be provided at no cost; and (11) that the jury clerk told counsel he had only one day to get the copies.[1]  Filing No. 398, Attestation of Michael Scott Stanko.

On April 8, 2009, the court entered an order permitting counsel for Mr. Stanko to review the grand jury records in this case.  Filing No. 392.  In that order, this court gave the parties from April 20, 2009, through May 15, 2009, access to the grand jury materials. Additionally, this court stated: "In the event this information is insufficient, counsel shall file a motion indicating what additional information is needed."  Filing No. 392, at 1-2.  The court also stated: "On or before May 29, 2009, the defendant shall file any motion with respect to the jury selection process or notify the court by letter if the defendant will not be filing any such motion.  Said motion, if any, shall fully comply with the provisions of 28 U.S.C. § 1867(d)."  Filing No. 392, at 2.  Counsel for defendant appeared at the Clerk of

---

[1] The court initially points out that part of Mr. Michael Scott Stanko's attestation is incorrect.  First, the records in the office of the Clerk of Court show that Michael Scott Stanko arrived on May 13, 2009, not May 28, 2009, in the late afternoon.  Second, a staff member in the clerk's office told Michael Scott Stanko that the office closed at 4:30 p.m., but pursuant to this court's order he would be permitted to review and copy documents until the close of business on May 15, 2009.  Third, Michael Scott Stanko did in fact have the clerk's office make some copies for him.

2

Court's office on May 13, 2009, and he reviewed documents. He did not, however, comply with the court's order wherein the court indicated if more information was needed a motion should be filed with the court. Defendant filed no motion regarding the need for additional materials or the need for free copies of the documents provided to him. Further, counsel failed to file any motion regarding the jury selection process. Thereafter, more than a month after the deadline, this court filed its Memorandum and Order on June 23, 2009, addressing numerous pending motions and denying defendant's 28 U.S.C. § 2255 motion. Filing No. 397. Only then, after entry of the § 2255 Memorandum and Order denying defendant's claims, did counsel Michael Scott Stanko file a motion for reconsideration. This motion for reconsideration was not filed until July 9, 2009. Filing No. 398. In that motion defendant raised for the first time that he wanted additional information and that he wanted to make copies at no charge to the defendant. The court finds that defendant's counsel received adequate time to review the jury documents. The court further finds that it provided defense counsel with an adequate means of motioning the court if defendant needed additional information. Defendant failed to file any request for additional information, for free copies, or any other assistance until such time as this court made a ruling on the § 2255 and other pending motions. Accordingly, the court finds the motion to reconsider should be denied.

### Certificate of Appealability

Defendant next asks this court to grant him a certificate of appealability "to review the matters of improper consideration of sentencing factors, improper calculation of defendant's prior criminal history, improper sentencing, improper venue, and improper

selection of grand and petit jurors in this case."[2] Filing No. 398, at 1. However, before the defendant may appeal the denial of his § 2255 motion, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> ....
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A "substantial showing of the denial of a federal right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In contrast, if the district court denies a § 2255 motion on procedural grounds without reaching the underlying constitutional claims on the merits, a certificate of appealability

---

[2]The court notes that as of this date it does not appear that counsel has even filed a notice of appeal. Arguably, this motion for a certificate of appealability is premature under Fed. R. App. P. 22(b). If the defendant chooses to file the notice of appeal, then he can proceed to ask the Eighth Circuit to issue a certificate of appealability. The court also notes that it believes defendant Rudy Stanko tried to file a notice of appeal. However, the court returned that notice as counsel did not file it.

should issue under 28 U.S.C. § 2253(c) when the defendant shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and would find it debatable whether the district court was correct in its procedural ruling. *Id*.

For the reasons set forth in the Memorandum and Order denying the defendant's § 2255 motion, Filing No. 397, and in the Memorandum and Order denying reconsideration on sentencing issues, Filing No. 396, I conclude that the defendant has not made a substantial showing of the denial of a constitutional right and has not shown that this court's order was debatable or incorrect, as required by 28 U.S.C. § 2253(c). Accordingly, the motion for a certificate of appealability is denied. However, Fed. R. App. P. 22(b) permits the defendant to request a certificate of appealability from the Court of Appeals.

THEREFORE, IT IS ORDERED:

1. Defendant's motion for reconsideration, Filing No. 398, is denied; and

2. Defendant's motion for a certificate of appealability, Filing No. 398, is denied.

DATED this 23rd day of July, 2009.

BY THE COURT:

s/Joseph F. Bataillon
CHIEF DISTRICT JUDGE

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.