IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:05CR93 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| RUDOLPH GEORGE STANKO, ) | |
| ) | |
| Defendant. ) | |

Before the court is the Motion of Rudolph George Stanko ("defendant") for Deletion of the Recently Repealed "Recency" Provision of the Guidelines and Other Erroneous Imposed Category History Points, Filing No. 428; Motion to Vacate under 28 U.S.C. § 2255, Filing No. 430; motion for leave to proceed in forma pauperis, Filing No. 431; Motion to Expedite regarding Motion for Deletion of the Recently Repealed "Recency" Provision of the Guidelines and Other Erroneous Imposed Category History Points, Filing No. 433; and Petition for Certificate of Appealability, Filing No. 434.

## BACKGROUND

The government initially filed this criminal case on March 10, 2005. Filing No. 1. A jury convicted the defendant of felon in possession of a firearm and ammunition charges. Filing No. 271. The court sentenced the defendant to 72 months' imprisonment plus three years of supervised release. Filing No. 292 (text minute entry). The defendant filed a notice of appeal and the Eighth Circuit Court of Appeals affirmed his conviction on June 22, 2007. *United States v. Stanko*, 491 F.3d 408 (8th Cir. 2007). Thereafter, the defendant filed his original § 2255 habeas corpus petition on January 31, 2008. Filing No.

335. The court ordered the government to respond, and it has done so. Filing No. 370. The court then ruled on the motion to vacate, denying it in all respects but for the issue dealing with the assessment of jury costs. Filing No. 397. Defendant then filed a second motion to vacate, Filing No. 430, which is currently pending before this court.

## DISCUSSION

### 1. Recency Points and Amendment 709

The defendant requests that this court (a) reduce his sentence because the "recency" points in calculating the criminal history score under § 4A1.1 of the Sentencing Guidelines were eliminated on November 1, 2010 (Criminal History Category), Filing No. 429, and (b) employ the "common sense" approach, rather than the "strict element test," discussed hereinafter, to implement Amendment 709 to further reduce his sentence. Filing No. 429.

*A. Recency Points: § 4A1.1 of the Sentencing Guidelines*

The recency points that were eliminated by the Sentencing Commission stated, "Add **2** points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. If **2** points are added for item (d), add only **1** point for this item." U.S. Sentencing Guidelines Manual § 4A.1.1(e) (2009).

The Sentencing Commission voted to delete § 4A1.1(e)'s recency points provision from the Sentencing Guidelines, effective November 1, 2010. U.S.S.G. § 4A.1.1 (2010); *see, e.g.,* United States v. Mitchell, 402 F. App'x 560, 562 (2d Cir. 2010) (reaffirming that the Sentencing Commission voted to delete the "recency" provision from the Guidelines,

effective November 1, 2010). Nevertheless, the court must apply the Guidelines in effect on the date of sentencing. *See United States v. Adams*, 509 F.3d 929, 932 (8th Cir. 2007); U.S.S.G. § 1B1.11(a). In addition, "Without an express decision by the Sentencing Commission to make its changes retroactive, the mere existence of an amendment that alters a Guideline provision going forward does not render the applicable Guideline substantively unreasonable." *See United States v. Owens,* No. 10-3326, 2011 WL 2078546, at *2 (8th Cir. 2011) (quoting *Mitchell,* 402 F. App'x at 562); *Braxton v. United States*, 500 U.S. 344, 348 (1991) (stating that Congress gave the Sentencing Commission the explicit power to decide whether its amendment will be given retroactive effect).

The defendant requests that his sentence be reduced because he "did not commit the instant offense less than two years following his release from the sentence imposed" on January 25, 1999, which he argues is over five years before the instant offense. *See* U.S. Sentencing Guidelines Manual § 4A.1.1(e) (2006). Filing No. 429. However, at the defendant's sentencing hearing on August 3, 2006, this court addressed the issue in the related context of the age of a conviction for purposes of criminal history points and decided that ". . . part of the related conduct [the instant offense] dates back to 2000, I think it was in April or May of 2000 when he's [the defendant] identified with the firearms in the trial record. . . ." Filing No. 314, Tr. 58:14-18 (alteration in original). This court found, and again finds, that the conduct at issue in the instant offense dates back to April or May of 2000 and, therefore, was committed less than two years after the defendant's release from imprisonment on January 25, 1999. That finding is dispositive of the defendant's argument regarding recency. Accordingly, the court finds Stanko was properly sentenced under the Guidelines, with respect to recency. Even though the recency points were

eliminated on November 1, 2010, the defendant's sentence may not be reduced because the recency points provision does not apply retroactively. *See United States v. Owens,* No. 10-3326, 2011 WL 2078546, at *2 (8th Cir. 2011) (quoting *Mitchell,* 402 F. App'x at 562).

### B. Amendment 709 of the Sentencing Guidelines

Amendment 709 of the Sentencing Guidelines went into effect on November 1, 2007, and "addresses two areas of the Chapter Four criminal history rules: the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score." U.S. Sentencing Guidelines Manual app. C (2010). A district court does not have the authority to grant a § 3582(c)(2) sentencing reduction if the relevant Sentencing Guideline amendment does not have the effect of lowering the defendant's applicable Sentencing Guideline range. *See United States v. Baylor,* 556 F.3d 672, 673 (8th Cir. 2009). Section 3582(c)(2) allows a court to reduce a defendant's term of imprisonment, if it was based on a sentencing range that has subsequently been lowered by the Sentencing Commission and if the reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See* 18 U.S.C. 3582(c)(2); *United States v. Higgins,* 584 F.3d 770, 772 (8th Cir. 2009). Amendment 709 of the Sentencing Guidelines is not an amendment to which retroactive treatment may be given to reduce sentences. *See United States v. Anderson,* 399 F. App'x 125, 125 (8th Cir. 2010); *United States v. Peters,* 524 F.3d 905, 907 (8th Cir. 2008) (affirming denial of § 3582(c)(2) motion for resentencing because Amendment 709 is not a covered amendment under U.S.S.G. § 1B1.10 to which retroactive treatment may be given).

4

The defendant argues that this court should apply the "common sense approach"[1] rather than the strict "elements" test when applying Amendment 709 to reduce the defendant's criminal history category points.[2] The court finds it properly applied the Sentencing Guidelines in effect on the date of sentencing. *See United States v. Adams, 509 F.3d 929, 932 (8th Cir. 2007)*. In addition, Amendment 709 was not enacted before the date of sentencing and the Sentencing Commission did not categorize Amendment 709 as retroactive. U.S. Sentencing Guidelines §§ 1B1.10(b)(1), 1B1.10(c). *See United States v. Anderson*, 399 F. App'x 125 (8th Cir. 2010); *United States v. Peters,* 524 F.3d 905, 907 (8th Cir. 2008) (affirming denial of § 3582(c)(2) motion for resentencing because Amendment 709 is not a covered amendment under U.S.S.G. § 1B1.10 to which retroactive treatment may be given). Therefore, the defendant's sentence cannot be reduced by applying Amendment 709 of the Sentencing Guidelines.

**2. § 2255 Successive Motion to Vacate**

The defendant filed a motion to vacate under 28 U.S.C. § 2255, because he believes "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" applies to his case. *See* 28 U.S.C. § 2255(h)(2). Filing No. 430. The defendant cites *United States v. O'Brien*, 130 S. Ct. 2169 (2010), for the proposition that "(w)hether a firearm was used, carried, or possessed

---

[1] The "common sense approach" includes consideration of all relevant factors of similarity such as "punishments imposed for the listed and unlisted offenses, the perceived seriousness of the offense as indicated by the level of punishment, the elements of the offense, the level of culpability involved, and the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct." *Id. See* U.S. Sentencing Guidelines Manual app. C (2010).

[2] The strict "elements" test involves solely a comparison between the elements of the two offenses to determine whether or not the offenses are similar. *See* U.S. Sentencing Guidelines Manual app. C (2010).

is, as all concede, an element of the offense," and not a sentencing factor. *Id.* at 2172. The defendant argues that his sentence was increased by a judge-found fact that the firearms and ammunition was "unlawfully discharged or otherwise unlawfully used," but the defendant argues that all his ammunition and firearms was possessed "for lawful sporting purposes, or collection."  Filing No. 434 (certificate of appealability discussed hereinafter).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposed procedural requirements on federal prisoners, like the defendant, who wish to file "second or successive" motions to vacate their sentences. AEDPA amended 28 U.S.C. § 2244(b) to preclude the filing of any subsequent habeas corpus petition absent certification by a panel of the appropriate court of appeals for the circuit in which the district court is located, authorizing the district court to consider the successive motion or application.  Also, 28 U.S.C. § 2255 provides that a second or successive § 2255 motion may not be filed without prior appellate court approval in the manner provided in 28 U.S.C. § 2244.

> 28 U.S.C. § 2255(h) states, in pertinent part:
>
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense;  or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

See also *In re Sims,* 111 F.3d 45, 46 (6th Cir. 1997) ("The new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas

corpus practice 'abuse of the writ.'"). The Eighth Circuit has indicated that when, as in this case, a successive § 2255 motion is filed in the district court without prior compliance with the certification requirement, the motion should be dismissed for lack of jurisdiction. *See* *Boykin v. United States,* 2000 WL 1610732 at *1 (8th Cir. 2000):

> Under AEDPA, federal prisoners may not file "second or successive" § 2255 motions without an appropriate certification from the circuit court. *See* 28 U.S.C. §§ 2255, 2244(b). The rule is absolute. Prisoners may not evade the statutory requirement by simply filing a second or successive § 2255 motion in the district court. . . .
>
> Because Boykin failed to comply with the certification requirement, the district court lacked the power and authority to entertain Boykin's motion. . . . We therefore vacate the judgment and remand the case. On remand, the district court shall dismiss Boykin's motion for lack of jurisdiction.

The defendant's second § 2255 motion has not been certified by the Eighth Circuit Court of Appeals as required by 28 U.S.C. § 2255. Therefore, Filing No. 430, the motion to vacate filed by the defendant is denied.

### 3. Petition for Certificate of Appealability

The defendant next asks this court to grant him a certificate of appealability pursuant to 28 U.S.C. § 2255(h) and 2244(b)(3) because he alleges "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(1)(2). Filing No. 434. The defendant cites *United States v. O'Brien,* 130 S. Ct. 2169, and argues that his sentence was unlawfully increased by a judicial finding that the firearms and ammunition were "unlawfully discharged or otherwise unlawfully used," but the defendant argues that all his ammunition and firearms were possessed "for lawful sporting purposes, or collection." Filing No. 434. In order to obtain certificate of appealability on a successive petition, the second petition

must be certified by the Eighth Circuit in accordance with 28 U.S.C. § 2255(h) and § 2244. Defendant has failed to appropriately file his request for a certificate of appealability with the Eighth Circuit and, thus, it will be denied. However, the court will order the Clerk of Court to forward the motion for certificate of appealability, Filing No. 434, to the Eighth Circuit Court of Appeals.

 THEREFORE, IT IS HEREBY ORDERED:

 1. Defendant's motion for modification of his sentence to delete criminal history points, Filing No. 428, and motion to expedite the motion, Filing No. 433, are denied.

 2. Defendant's motion for leave to proceed in forma pauperis, Filing No. 431, is granted.

 3. Defendant's Motion to Vacate under 28 U.S.C. § 2255, Filing No. 430, is denied.

 4. Defendant's Petition for Certificate of Appealability, Filing No. 434, is denied. The Clerk of Court is ordered to send a copy of the Petition for Certificate of Appealabilty, Filing No. 434, to the Eighth Circuit Court of Appeals.

 Dated this 7th day of July, 2011.

        BY THE COURT:

        s/ Joseph F. Bataillon
        Chief District Judge

---

 *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.